IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAROSLAVA SHAHIN,         CASE NO: 8:17-CV-01808-CEH-AEP

    Plaintiff,

v.

COMENITY BANK,        DEMAND FOR JURY TRIAL

    Defendant,
_____/

## AMENDED COMPLAINT

**COME NOW**, Plaintiff, JAROSLAVA SHAHIN (hereafter collectively "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, COMENITY BANK, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

1

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual who resides in Pinellas County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is headquartered in Delaware and does business in the State of Florida.

7. Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in Florida, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

10. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family, or household purposes.

11. Defendant, at all material times, was attempting to collect a debt relating to a Comenity Bank, Ann Taylor credit card, Account Number ending in –9083.

12. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

13. Plaintiff revoked any prior express consent to be contacted via cell phone or any other form of communication on June 26, 2014, when Plaintiff advised Defendant to stop calling her cellular telephone via facsimile transmission to Defendant's facsimile number, 614-729-4899.

14. All calls to Plaintiff's cellular telephone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

15. In addition to the request not to be contacted by Defendant, Plaintiff directed Defendant to contact Plaintiff's attorney and included the contact information for the law firm.

16. Despite receiving written revocation from Plaintiff to stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

17. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can be reasonably expected to harass.

18. Plaintiff is the regular user and carrier of the cellular telephone number ending in -5605, and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day after she revoked consent to be contacted on June 26, 2014.

20. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

21. Defendant knowingly and/or willfully communicated with Plaintiff after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

22. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff.

23. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

24. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

25. Some of the representatives sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

26. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

27. As a result, each call Defendant made to Plaintiff's cellular telephone after Plaintiff revoked consent were made without the express permission of Plaintiff.

28. Despite Defendant having actual knowledge of Plaintiff's revocation of consent to be contacted on her cellular telephone, Defendant continued to harass and abuse Plaintiff.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

32. Plaintiff incorporates all allegations in paragraphs 1-31 above as if stated fully herein.

33. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

34. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

35. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, COMENITY BANK, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

36. Plaintiff incorporates all allegations in paragraphs 1-31 above as if stated fully herein.

37. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

38. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

39. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, COMENITY BANK, for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

40. Plaintiff incorporate all allegations in paragraphs 1-31 above as if stated fully herein.

41. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

42. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

43. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

44. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant was aware of Plaintiff's revocation of consent to be contacted via her cellular telephone and Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, COMENITY BANK, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring within the four (4) year period prior to the date of filing this Complaint.

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, including the following parties:

Comenity Bank
One Righter Parkway, Suite 100
Wilmington, DE 19803

                      **BOSS LAW**

                      /s/ Christopher W. Boss
                      **Christopher W. Boss, Esq.**
                      Fla. Bar No.: 13183
                      Service Email: cpservice@protectyourfuture.com
                      9887 Fourth Street North, Suite 202
                      St. Petersburg, Florida 33702
                      Phone: (727) 471-0039
                      Fax: (888) 503-2182
                      **Attorney for Plaintiff**